[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S APPORTIONMENT COMPLAINT
Plaintiff brought a personal injury action in 1996 against defendant based on a 1994 motor vehicle accident. Defendant then filed an apportionment complaint against "Jane Doe" whose true identity remains unknown.
Two years later, plaintiff moved to strike the defendant's complaint against Jane Doe, claiming that unknown persons are not properly to be named in apportionment complaints, per C.G.S. § 52-102b.
 STANDING
CT Page 15361
Prior to determining whether an unidentified "John Doe" may be made a party by means of a third party apportionment complaint the court must decide whether the plaintiff has standing to attack the sufficiency of the defendent's apportionment complaint. The defendent argues that the plaintiff does not have standing to challenge the apportionment complain. The court finds standing.
Pursuant to section 52-102b(a), "[t]he person upon the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes . . ." Although the apportionment complaint "is filed by a defendant against a non-defendant, who once served becomes a party, the statute treats such pleadings as the equivalent in all respects to the writ, summons and complaint of the original action . . . Based on the language of statute as well as a common sense understanding of the apportionment practice, the court concludes that a plaintiff has the right to raise any procedural or substantive motions against an apportionment complaint." (Internal quotation marks omitted.) Catalan v.Machnik Construction Co., Superior Court, judicial district of New London at New London, Docket No. 535192, (March 8, 1996) (Austin, J.) (16 CONN. L. RPTR. 285, 287). Therefore, this court finds that the plaintiff has standing.
 TIMELINESS
Defendant argues the motion to strike is untimely, for although defendant's apportionment complaint was filed in August, 1996, the plaintiff did not move to strike until October, 1998.
In Chapman v. Norfolk Dedham Mutual Fire Ins. Co.,39 Conn. App. 306, 332, 665 A.2d 112 (1995), the plaintiffs not only waited until after jury selection began to file a motion to strike the defendant's special defenses, but also waited until just before presentation of evidence was to begin to prepare their reply. The court held that the trial court did not abuse its discretion in refusing to accept the plaintiffs' motion to strike or their reply. Id. Similarly, in Giulietti v. ConnecticutIns. Placement Facility, 205 Conn. 424, 435, 534 A.2d 213 (1987), the defendant moved to amend its answer five years after the filing of its original answer and six days prior to trial. The court found that "[t]he plaintitfs can at least make a plausible argument that a five year delay seriously prejudiced their CT Page 15362 ability to find witnesses who remembered . . ." Id., 436. Therefore, the court held that the trial court did not abuse its discretion in denying the defendant's motion. Id., 436-38; see also Antonios v. Farmers Ins. Exchange, Superior Court, judicial district of Waterbury, Docket No. 117917 (April 2, 1998) (Lopez,J.) (the court denied the defendant's motion to strike because it was filed over thirteen months after the plaintiff was granted permission to amend its complaint); Fleet National Bank v.Mascolo, Superior Court, judicial district of Waterbury, Docket No. 088529 (August 22, 1990) (Walsh, J.) (2 CONN. L. RPTR. 285) (the court denied the defendant's motion to strike because it was filed over sixteen months after the answer and nine months after the case was claimed to the trial list).
However, in Lungi v. Aetna Casualty Surety Co, Superior Court, judicial district of New Haven at New Haven, Docket No. 291948 (January 6, 1997) (Silbert, J.) (18 CONN. L. RPTR. 398, 400), the court permitted the plaintiff to file a motion to strike one and one-half months, late and held that "[i]n the absence of any prejudice to the defendant, the late filing of the motion to strike is excusable, and this court would not deny the motion to strike on grounds of timeliness." Pursuant to Practice Book § 114, now Practice Book (1998 Rev.) § 10-8, "[c]ommencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the court thereon if one is required . . ." InGladding v. Saren, Superior Court, judicial district of Danbury, Docket No. 327219 (November 17, 1997, Stodolink, J.), the court held that it would not deny a motion to strike on the ground of untimeliness because "[tlhe appropriate enforcement of the time limitation to pleadings, however, is by motion for default or nonsuit. In fact, any pleading may be filed, after the expiration of the time allowed by Practice Book [§] 114, until the court has heard any motion for default or nonsuit for failure to plead . . ." Id.
Here, the plaintiff's motion to strike the apportionment complaint comes, as noted, two years after its filing. By allowing the motion to strike, the court would potentially be disposing of an unidentified apportionment defendant. The defendant argues he will be greatly prejudiced. Unlike the CT Page 15363Giulietti case where the court found that the plaintitfs may he prejudiced by their inability to find witnesses who remembered;Giulietti v. Connecticut Ins. Placement Facility, supra,205 Conn. 424); here, the defendant's only argument for being prejudiced is that the plaintiff filed to object to closure of the pleadings and claim to the trial list more than two years ago. One must conclude there is a probable absence of prejudice and that the substance of the motion should be entertained.
 THE "DOE" DEFENDANT
"Whether an unidentified `John Doe' may be made a party to an action by means of a third-party apportionment complaint is now governed by the new `Apportionment Statute,' [§ 52-102 B]," [formerly P.A. 95-111]. Mills v. Ansonia Community Action. Inc., Superior Court, judicial district of Waterbury, Docket No. 128715 (June 7, 1996 (Pellegrino, J.) (17 CONN. L. RPTR. 243, 244). "[It] applies to all civil actions filed on or after July 1, 1995, and provides the exclusive means for a defendant to cite another defendant in apportioning liability pursuant to General Statutes § 52-572h. Service of an `apportionment complaint' upon the prospective defendant, determines who becomes a party `for all purposes,' entitled to the same rights and remedies as any other defendant in a personal in jury action." Id. (Emphasis added).
"[The Act] has eliminated the defendant for purposes of apportionment only . . . To allow an unserved John Doe to be a party for the purposes of apportionment would violate Public Act 95-111's clear mandates." (Citations omitted; internal quotation marks omitted.) Id. "[U]nder the mandates of the statute, John Doe is not a proper apportionment defendant because he was never served with the complaint, and thus he can never attain party status." Catalan v. Machnik Construction Co., supra, 16 CONN. L. RPTR. 288.
"Connecticut's trial courts are split on the propriety of using fictitious names in civil actions when the identity of the defendant is unknown at the commencement of the suit." Catalan v.Machnik Construction Co., supra,] 16 CONN. L. RPTR. 287; compareTomassetti v. Henkel, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 471735 (May 16, 1996) (Fineberg, J.) (holding that apportionment does not lie against an unidentified person); DeLaurentis v. Gervais, Superior Court, judicial district of Waterbury, Docket No. 124011 (October CT Page 15364 17, 1995) (Fasano, J.) (15 CONN. L. RPTR. 253) (holding that"[t]he problems of existing defendant's blaming others, not always clearly identified, certainly not defended by counsel and based on open ended claims of negligence, was sufficiently obvious that the law was changed to allow allocation of negligence only among parties to the action."); withGallagher-Crespo v. Storz, Superior Court, judicial district of New Haven at New Haven, Docket No. 364073 (April 7, 1995) (Fracasse, J.) (14 CONN. L. RPTR. 64, 65) (holding, prior to the enactment of § 52-102 b, that the defendants may designate John Doe as a `party' solely for apportionment); Joyner v. A.Ricciardi and Sons, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145597 (December 22, 1995) (Karazin, J.) (16 CONN. L. RPTR. 110) (same).
However, "the majority of Connecticut Superior Courts have maintained that the naming of a `John Doe' defendant in a complaint and a summons is improper because Connecticut does not have a fictitious name statute, nor is it authorized by the Practice Book." Mills v. Ansonia Community Action. Inc., supra, 17 CONN. L. RPTR. 244. In Daily v. Lencyk, Superior Court, judicial district of Stamford/Norwalk; at Stamford, Docket No. 158194 (January 15, 1998) (D'Andrea J.) (21 CONN. L. RPTR. 186), the court explained thusly: "To allow the defendant to name a John Doe apportionment defendant would be an unjustified departure from the legislative intent of Tort Reform II[1]
because it would expand, rather than limit, the universe of negligence to non-particular, unidentifiable persons from whom the jury would then determine the percentage of responsibility for the plaintiff's injuries . . . Therefore, the court finds that Tort Reform II requires a defendant to limit his choice of apportionment defendants to particular, identifiable persons who, after being actually served, become parties to the suit. A `John Doe' apportionment defendant can never fit into this class of persons, and therefore can never be a part of a legally sufficient apportionment complaint." (Internal quotation marks omitted.) Id. Therefore, the defendant's apportionment complaint should be struck.
 LAW OF THE CASE
Defendant also argues that the court, Karazin, J., has already determined that the apportionment complaint is permissible, having granted permission to serve Jane Doe with process by publication in the Connecticut Post on or before July CT Page 15365 31, 1996. The court, however, did not squarely decide whether the apportionment complaint was proper. Instead, the court, (Karazin, J.) merely authorized a form of newspaper notice the very purpose of which was to prod forward the "mystery person" who would then no longer be named a John Doe dependant. Moreover, in Gonzalez v.Duhaime, Superior Court, judicial district of Ansonia/Milford, Docket No. 051679 (April 15, 1996, Rush, J.) (17 CONN. L. RPTR. 63, 64), the court held that "[p]ublication of a notice in the New Haven Register does not comply with the service of process envisioned under Public Act 95-111."[2] Therefore, the defendant's argument regarding law of the case is without merit.
Accordingly, the court grants the plaintiff s motion to strike the defendant's apportionment complaint.
Nadeau, J.